# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RIMMER, M.R., a minor by and through his mother CYNTHIA RIMMER and QUANEESHA RIMMER, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 11-cv-7848 |
| vs. ) ) | Judge Blanche M. Manning |
| CITY OF CHICAGO, Chicago Police Officers MAURICE ANDERSON, Star #11348 BRIAN MELSON, Star No. 11579, DALE CARIDINE, Star No. 13333, CARLTON COOK, Star No. 17263, MARK RICHARDS, Star No. 830, and ROBERT WHEELER, Star No. 1995, ) ) ) ) ) ) ) | Magistrate Martin C. Ashman<br><br>**JURY DEMANDED** |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff, CYNTHIA RIMMER, was and is now a citizen of the United States.

4. At all times herein mentioned, Plaintiff, M.R., a minor, by and through his mother CYNTHIA RIMMER, was and is now a citizen of the United States.

5. At all times herein mentioned, Plaintiff, QUANEESHA RIMMER, was and is now a citizen of the United States.

6. At all times herein mentioned Chicago police officer Maurice Anderson, Star No. 11348 ("ANDERSON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned Chicago police officer Brian Melson, Star No. 11579 ("MELSON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned Chicago police officer Dale Caridine, Star No. 13333 ("CARIDINE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned Chicago police officer Carlton Cook, Star No. 17263 ("COOK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned Chicago police officer Mark Richards, Star No. 830 ("RICHARDS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned Chicago police officer Robert Wheeler, Star No. 1995 ("WHEELER") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

(ANDERSON, MELSON, CARIDINE, COOK, RICHARDS, and WHEELER are referred to herein as the "Individual Defendants")

12. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

13. On or about July 8, 2011, Plaintiffs resided in their home located at 7038 S. Harper, Chicago, Illinois.

14. At that time and place the Individual Defendants entered and searched the Plaintiffs' home located at 7038 S. Harper, Chicago, IL.

15. None of the Individual Defendants knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on July 8, 2011.

16. There was no legal cause to search the Plaintiffs' home on July 8, 2011.

17. The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiffs' home on July 8, 2011.

18. Plaintiffs did not consent to their home being searched on July 8, 2011.

19. During the course of the search on July 8, 2011, the Individual Defendants drew their weapons and pointed them at Plaintiffs.

20. During the course of the search on July 8, 2011, the Plaintiffs were forced into physical restraints.

21. During the course of the search on July 8, 2011, the Plaintiffs were all forced into a police wagon and were forced to remain there for an unreasonable amount of time.

22. By reason of the above-described acts and omissions of defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

23. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiffs against the Individual Defendants**
**For Unreasonable Search and Seizure**

25. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereafter as though fully set forth at this place.

26. By reason of the Individual Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Individual Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the Plaintiffs' rights in the following manner on July 8, 2011: (1) The forcible entry and search of Plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; (3) Causing excessive and unnecessary property damage to the Plaintiffs' home and personal property contained therein; and (4) Placing Plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Individual Defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiffs against Defendant Anderson for Unreasonable Procurement of a Search Warrant**

28. Plaintiffs hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29. Plaintiffs are informed and believe that Defendant Anderson may have procured a search warrant on or about July 7, 2011, identifying Plaintiffs' home as the premises to be searched and indicating that Plaintiff Quaneesha Rimmer resided in the home.

30. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    a.    relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

    b.    failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

    c.    failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home, Quaneesha Rimmer, the alleged burglaries referenced in the search warrant, and Plaintiffs.

    d.    failing to conduct a search of available databases for any information connecting Quaneesha Rimmer to the alleged burglaries alluded to by the confidential informant;

    e.    failing to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

    f.    failing to conduct a search of available databases for information related to the identity of the owner and occupants of the residence located at 7038 S. Harper Ave., Chicago, Illinois.

31.    No reasonably well trained police officer in the position of Anderson would have applied for the search warrant obtained by Anderson and it was done intentionally or with reckless disregard to the rights of Plaintiffs.

32.    As a result of Anderson's unreasonable procurement of the search warrant, plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

33. The procurement of the search warrant was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, Anderson, in his individual capacity is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs against the
### Individual Defendants for Excessive Force

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

35. During and after the forcible entry of plaintiff's home on July 8, 2011, Defendants used excessive force against Plaintiffs by withdrawing their guns and pointing their guns at Plaintiffs.

36. There was no legal cause for defendants to use force against Plaintiffs.

37. By reason of defendants conduct, Plaintiffs were deprived of their right, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

38. The physical force inflicted upon Plaintiffs was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiffs' Fourth Amendment Rights. Therefore, defendants are laible to plaintiffs pursuant to 42 U.S.C. § 1983.

## Count IV
### All Plaintiffs against Individual Defendants
### for the State Supplemental Claim of Trespass

39. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

7

40.     The Individual Defendants committed the tort of trespass when they entered Plaintiffs' home without permission or authority on July 8, 2011.

41.     The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

### Count V
### All Plaintiffs against the Individual Defendants for the
### State Supplemental Claim of Assault

42.     Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

43.     During the course of the search of the Plaintiffs' home on July 8, 2011, Individual Defendants committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at Plaintiffs without justification, and thereby placed plaintiffs in reasonable apprehension of receiving a battery.

44.     The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

45.     As a result of these acts and/or omission plaintiffs were damaged, and the Defendants are all liable under the state supplemental claim of assault.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1.     That the Defendants be required to pay the Plaintiffs' general damages including emotional distress, in a sum to be ascertained.

2.     That Defendants be required to pay Plaintiffs' special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs' exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA RIMMER, M.R., a minor by and through his mother CYNTHIA RIMMER and QUANEESHA RIMMER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11-cv-7848 |
| vs. | ) ) | Judge Blanche M. Manning |
| CITY OF CHICAGO, Chicago Police Officers MAURICE ANDERSON, Star #11348 BRIAN MELSON, Star No. 11579, DALE CARIDINE, Star No. 13333, CARLTON COOK, Star No. 17263, MARK RICHARDS, Star No. 830, and ROBERT WHEELER, Star No. 1995, | ) ) ) ) ) ) ) | Magistrate Martin C. Ashman<br><br>**JURY DEMANDED** |
| Defendants. | ) | |

**NOTICE OF FILING**

To:  Andrea Cook
     Assistant Corporation Counsel
     30 North LaSalle Street, Suite 900
     Chicago, Illinois 60602

 PLEASE TAKE NOTICE that on May 15, 2012, the undersigned filed with the Clerk of this Court, **FIRST AMENDED COMPLAINT,** service of which is being made upon you**.**

                                     s/Jonathan R. Ksiazek
                                     Jonathan R. Ksiazek
                                     ED FOX & ASSOCIATES
                                     300 West Adams, Suite 330
                                     Chicago, IL 60606
                                     (312) 345-8877

**PROOF OF SERVICE**

 I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on May 15, 2012, service is being made in accordance with the General Order on Electronic Case Filing section XI.

                                     s/Jonathan R. Ksiazek
                                     Jonathan R. Ksiazek