# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RIMMER, M.R., a minor by and through his mother CYNTHIA RIMMER and QUANEESHA RIMMER | No. 11 C 7848 |
| Plaintiff(s), | JUDGE MANNING |
| | Magistrate Judge Valdez |
| CITY OF CHICAGO, Chicago Police Officers MAURICE ANDERSON, Star #11348, BRIAN MELSON, Star No. 11579, DALE CARRIDINE, Star No. 17263, MARK RICHARDS, Star No. 830, and ROBERT WHEELER, Star No. 1995, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants CITY OF CHICAGO ("City") and DEFENDANT OFFICERS MAURICE ANDERSON, Star #11348, BRIAN MELSON, Star No. 11579, DALE CARRIDINE, Star No. 17263, MARK RICHARDS, Star No. 830, and ROBERT WHEELER, Star No. 1995, collectively referred to here as "Defendants," by one of their attorneys, Andrea Cook, Assistant Corporation Counsel of the City of Chicago, for their joint answer to Plaintiffs' First Amended Complaint, affirmative defenses and jury demand, state as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER**: Defendants admit jurisdiction is proper.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

**ANSWER**: Defendants admit venue is proper.

## PARTIES

3. At all times herein mentioned, Plaintiff CYNTHIA RIMMER was and is now a citizen of the United States.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. At all times herein mentioned, Plaintiff M.R., a minor, by and through his mother CYNTHIA RIMMER, was and is now a citizen of the United States.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. At all times herein mentioned, Plaintiff QUANEESHA RIMMER was and is now a citizen of the United States.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. At all times herein mentioned Chicago police officer Maurice Anderson, Star No. 11348 ("ANDERSON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that, at all times relevant to Plaintiffs' Complaint, Defendant Anderson was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Anderson is being sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph.

7. At all times herein mentioned Chicago police officer Brian Melson, Star No. 11579 ("MELSON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that, at all times relevant to Plaintiffs' Complaint, Defendant Melson was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Melson is being sued in his individual capacity.

Defendants deny the remaining allegations contained in this paragraph.

8. At all times herein mentioned Chicago police officer Dale Carridine, Star No. 13333 ("CARRIDINE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that, at all times relevant to Plaintiffs' Complaint, Defendant Carridine was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Carridine is being sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph.

9. At all times herein mentioned Chicago police officer Carlton Cook, Star No. 17263 ("COOK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that, at all times relevant to Plaintiffs' Complaint, Defendant Cook was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Cook is being sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph.

10. At all times herein mentioned Chicago police officer Mark Richards, Star No. 830 ("RICHARDS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that, at all times relevant to Plaintiffs' Complaint, Defendant Richards was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Richards is being sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph.

11. At all times herein mentioned Chicago police officer Robert Wheeler, Star No. 1995 ("WHEELER") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity. (ANDERSON, MELSON, CARRIDINE, COOK, RICHARDS, and WHEELER are referred to herein as the

"Individual Defendants")

**ANSWER**: Defendants admit that, at all times relevant to plaintiffs' complaint, Defendant Wheeler was employed by the Chicago Police Department and was acting under color of state law. Defendants further admit that Defendant Wheeler is being sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph.

12. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**ANSWER**: Defendants admit the allegations contained in paragraph 9 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

13. On or about July 8, 2011, Plaintiffs resided in their home located at 7038 S. Harper, Chicago, Illinois.

**ANSWER**: Upon information and belief, Defendants admit the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. At that time and place the Individual Defendants entered and searched the Plaintiffs' home located at 7038 S. Harper, Chicago, IL.

**ANSWER**: Defendants admit Defendant Anderson entered and searched the basement of Plaintiffs' home located at 7038 S. Harper, Chicago, IL. Defendants admit that Defendants Wheeler and Richards entered the home located at 7038 S. Harper. Defendants deny the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. None of the Individual Defendants knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on July 8, 2011.

**ANSWER**: Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. There was no legal cause to search the Plaintiffs' home on July 8, 2011.

**ANSWER**: Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiffs' home on July 8, 2011.

**ANSWER**: Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Plaintiffs did not consent to their home being searched on July 8, 2011.

**ANSWER**: Defendants admit that Plaintiffs did not consent to their home being searched on July 8, 2011 because Plaintiffs' home was entered pursuant to a valid search warrant.

19. During the course of the search on July 8, 2011, the Individual Defendants drew their weapons and pointed them at Plaintiffs.

**ANSWER**: Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. During the course of the search on July 8, 2011, the Plaintiffs were forced into physical restraints.

**ANSWER**: Defendants admit that the Plaintiffs were placed into physical constraints, but deny all wrongdoing.

21. During the course of the search on July 8, 2011, the Plaintiffs were all forced into a police wagon and were forced to remain there for an unreasonable amount of time.

**ANSWER**: Defendants admit that Plaintiffs were placed into a police wagon, but deny the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. By reason of the above-described acts and omissions of defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and Plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

**ANSWER**: Defendants lack knowledge and information sufficient to form a belief as to

Plaintiffs' claimed injuries, but deny Defendants' acts or omissions caused plaintiffs' claimed injuries.

23. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**: Defendants deny the allegations in paragraph 23 of Plaintiffs' Complaint.

24. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**: Defendants deny the allegations in paragraph 24 of Plaintiffs' Complaint.

## COUNT I
### Plaintiffs against the Individual Defendants For Unreasonable Search and Seizure

25. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereafter as though fully set forth at this place.

**ANSWER**: Defendants re-state and incorporate here their answers to paragraphs 1 through 24 as fully set forth above.

26. By reason of the Individual Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations in paragraph 26 of Plaintiffs' Complaint.

27. The arbitrary intrusion by Individual Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the Plaintiffs' rights in the following manner on July 8, 2011: (1) The forcible entry and search of Plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; (3) Causing excessive and unnecessary property damage to the Plaintiffs' home and personal property contained therein; and (4) Placing Plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Individual Defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations in paragraph 27 of Plaintiffs' Complaint.

## COUNT II
**Plaintiffs against Defendant Anderson for Unreasonable Procurement of a Search Warrant**

28. Plaintiffs hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

**ANSWER**: Defendants re-state and incorporate here their answers to paragraphs 1 through 28 as fully set forth above.

29. Plaintiffs are informed and believe that Defendant Anderson may have procured a search warrant on or about July 7, 2011, identifying Plaintiffs' home as the premises to be searched and indicating that Plaintiff Quaneesha Rimmer resided in the home.

**ANSWER**: Defendants admit that Defendant Anderson procured a search warrant on or about July 7, 2011, identifying Plaintiffs' home as the premises to be searched and indicating that Plaintiff Quaneesha Rimmer resided in the home. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

   a. relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

   b. failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

   c. failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home, Quaneesha Rimmer, the alleged burglaries referenced in the search warrant, and Plaintiffs.

   d. failing to conduct a search of available databases for any information connecting Quaneesha Rimmer to the alleged burglaries alluded to by the confidential informant;

   e. failing to be truthful with the Assistant State's Attorney approving the warrant

application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

f. failing to conduct a search of available databases for information related to the identity of the owner and occupants of the residence located at 7038 S. Harper Ave., Chicago, Illinois.

**ANSWER**: Defendants deny the allegations in paragraph 30 of Plaintiffs' Complaint.

31. No reasonably well trained police officer in the position of Anderson would have applied for the search warrant obtained by Anderson and it was done intentionally or with reckless disregard to the rights of Plaintiffs.

**ANSWER**: Defendants deny the allegations in paragraph 31 of Plaintiffs' Complaint.

32. As a result of Anderson's unreasonable procurement of the search warrant, plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

**ANSWER**: Defendants deny the allegations in paragraph 32 of Plaintiffs' Complaint.

33. The procurement of the search warrant was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, Anderson, in his individual capacity is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations in paragraph 33 of Plaintiffs' Complaint.

## **COUNT III**
### **Plaintiffs against the Individual Defendants for Excessive Force**

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) here at as though fully set forth at this place.

**ANSWER**: Defendants re-state and incorporate here their answers to paragraphs 1 through 24 as fully set forth above.

35. During and after the forcible entry of plaintiff's home on July 8, 2011, Defendants used excessive force against Plaintiffs by withdrawing their guns and pointing their guns at Plaintiffs.

**ANSWER**: Defendants deny the allegations in paragraph 35 of Plaintiffs' Complaint.

36. There was no legal cause for defendants to use force against Plaintiffs.

**ANSWER**: Defendants deny the allegations in paragraph 36 of Plaintiffs' Complaint.

37. By reason of defendants conduct, Plaintiffs were deprived of their right, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations in paragraph 37 of Plaintiffs' Complaint.

38. The physical force inflicted upon Plaintiffs was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiffs' Fourth Amendment Rights. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations in paragraph 38 of Plaintiffs' Complaint.

<u>**Count IV**</u>
**All Plaintiffs against Individual Defendants for the State Supplemental Claim of Trespass**

39. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

**ANSWER**: Defendants re-state and incorporate here their answers to paragraphs 1 through 24 as fully set forth above.

40. The Individual Defendants committed the tort of trespass when they entered Plaintiffs' home without permission or authority on July 8, 2011.

**ANSWER**: Defendants deny the allegations in paragraph 40 of Plaintiffs' Complaint.

41. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of respondeat superior.

**ANSWER**: Defendants state that the allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

## Count V
## All Plaintiffs against the Individual Defendants for the State Supplemental Claim of Assault

42. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-four (24) here at as though fully alleged at this place.

**ANSWER**: Defendants re-state and incorporate here their answers to paragraphs 1 through 24 as fully set forth above.

43. During the course of the search of the Plaintiffs' home on July 8, 2011, Individual Defendants committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at Plaintiffs without justification, and thereby placed plaintiffs in reasonable apprehension of receiving a battery.

**ANSWER**: Defendants deny the allegations in paragraph 43 of Plaintiffs' Complaint

44. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of respondeat superior.

**ANSWER**: Defendants state that the allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

45. As a result of these acts and/or omission plaintiffs were damaged, and the Defendants are all liable under the state supplemental claim of assault.

**ANSWER**: Defendants deny the allegations in paragraph 43 of Plaintiffs' Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

The Individual Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information that the Individual Defendants possessed. The Individual Defendants, therefore, are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

The Individual Defendants were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, the Individual Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2008).

## THIRD AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

The Individual Defendants are not liable for any of plaintiffs' alleged claims because a public employee, as such and acting within the scope of their employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2008).

## FOURTH AFFIRMATIVE DEFENSE:
## STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiffs against the Individual Defendants and Defendant City of Chicago were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiffs. Even if Defendants are liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiffs which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiffs' Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2008) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## FIFTH AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate their damages, commensurate with the degree of failure to mitigate attributed to plaintiffs by a jury in this case.

## SIXTH AFFIRMATIVE DEFENSE: CITY NON-LIABILITY

Defendant City of Chicago is not liable to plaintiffs if its employees or agents are not liable to the Plaintiffs. 745 ILCS 10/2-109 (2008).

## SEVENTH AFFIRMATIVE DEFENSE: PUNITIVE DAMAGES

.      Under the Illinois Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (West 2007).

## CONCLUSION

WHEREFORE, Defendants City of Chicago and Defendant Officers Anderson, Carridine, Melson, Cook, Wheeler and Richards respectfully request that judgment be entered in their respective favors and against all plaintiffs in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Andrea E. Cook
ANDREA E. COOK
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois  60602
(312) 742-7042 Office
(312) 744-6566 Fax
Attorney No.  06288085